E-FILED
Tuesday, 24 February, 2026 02:00:00 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | | |
|---|---|---|
| **ARTURO ENRIQUE OCHOA,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:25-cv-01488-SEM** |
| | ) | |
| **UNITED STATES OF** | ) | |
| **AMERICA** *et al.*, | ) | |
| **Defendants.** | ) | |

## ORDER

**SUE E. MYERSCOUGH, United States District Judge:**

Before the Court is a Complaint (Doc. 1) and a Motion to Proceed using Initials (Doc. 5) filed by Plaintiff Arturo E. Ochoa, an inmate at Federal Correctional Institution ("FCI") Pekin.

The Court concludes that Plaintiff states a claim against the United States of America ("USA") under the Federal Tort Claims Act ("FTCA") and a state-law negligence claim against the LexisNexis Group. The Court reserves ruling on Plaintiff's Motion to Proceed Using Initials (Doc. 5).

# I. COMPLAINT

## A. Screening Standard

The Court must "screen" Plaintiff's Complaint and dismiss any legally insufficient claim or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* Upon review of the Complaint, the court accepts the factual allegations as accurate and construes them liberally in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

## B. Alleged Facts

After a district judge in the United States District Court for the Southern District of Texas accepted Plaintiff's guilty plea, Plaintiff was sentenced to six hundred months' confinement in October 2011. *See United States v. Ochoa*, 2022 WL 5265150, at *1 (S.D. Tex., October 6, 2022). Plaintiff began serving his sentence at

United States Penitentiary ("USP") Tucson, where he remained until April 2024. (Pl. Compl., Doc 1 at 3:12.)

In July 2022, Plaintiff filed a Motion for Sentence Reduction in the Southern District of Texas. Plaintiff also requested that the proceedings be sealed or that any published order refer to Plaintiff by his initials due to the nature of his conviction. The district court denied Plaintiff's Motions for Sentence Reduction and to Seal on October 6, 2022. (*Id.* at 4:15-17.)

Plaintiff asserts that the denial of his Motion to Seal resulted in the facts of his criminal case being easily accessible to other federal inmates through LexisNexis, a commercial vendor that provides computer-assisted legal research to Federal Bureau of Prisons ("BOP") facilities. In January 2023, two inmates began "extorting" Plaintiff, with one of the inmates assaulting Plaintiff several times until Plaintiff was placed in the Special Housing Unit ("SHU") at USP Tucson on June 22, 2023. (*Id.* at 5:23.) Plaintiff was released from the SHU on August 1, 2023, after the two offending inmates were transferred.

In February 2023, Plaintiff filed a renewed Motion to Seal, which an Assistant United States Attorney ("AUSA") opposed, and

the district judge denied on April 28, 2023. Plaintiff appealed the denial to the Fifth District Court of Appeals, where another AUSA opposed the appeal.

In early April 2024, while Plaintiff's appeal was pending, Plaintiff was transferred to FCI Pekin, where two inmates viewed the district court's October 6, 2022, order, which resulted in multiple incidents of harassment, threats, and restrictions imposed by the controlling "inmate political structure." (Pl. Compl., Doc. 1 at 6-7.)

In June 2024, the Fifth Circuit Court of Appeals vacated the district court's October 6, 2022, denial of Plaintiff's Motion to Seal and remanded for further proceedings. *See USA v. Ochoa*, No. 4:11-cr-00099-1 (SD. Tex. 2024) (Dkt. 101). Plaintiff asserts that the district judge who presided over his criminal case in the Southern District of Texas, "ordered a long and redundant schedule of proceedings that did not adhere to the mandate of the Court of Appeals …." (Pl. Compl., Doc. 1 at 7:39.) In November 2024, the district judge sealed the October 6, 2022, Order that denied Plaintiff's initial Motion to Seal and entered a revised version that only referred to Plaintiff using his initials. *See USA v. Ochoa*, case No. 4:11-cr-00099 (SD. Tex. 2024) (Dkt. 112).

## C. Analysis

## A. Privacy Act of 1974

Plaintiff names the Administrative Office of the United States Court ("AOUSC"), the United States Department of Justice ("DOJ"), and the BOP, alleging violations under the Privacy Act of 1974, 5 U.S.C. § 552a(g)(1) ("Act").

The Act "contains a comprehensive and detailed set of requirements for the management of confidential records held by Executive Branch agencies." *F.A.A. v. Cooper*, 566 U.S. 284, 287 (2012). "If an agency fails to comply with those requirements 'in such a way as to have an adverse effect on an individual,' the Act authorizes the individual to bring a civil action against the agency." (*Id.*) (quoting § 552a(g)(1)(D).

Plaintiff does not allege that a federal agency failed to comply with the provisions of the Act by releasing Plaintiff's confidential information that the agency managed or possessed. Instead, Plaintiff's claims are based on the alleged "negligent and wrongful" actions of the district judge who presided over his criminal case in the Southern District of Texas and two AUSAs who opposed Plaintiff's renewed motion to seal and his later appeal to the Fifth

Circuit. (Pl. Compl., Doc 1 at 2:8.) However, this does not state a claim under the Act.

Moreover, in Plaintiff's pleading, he acknowledges that the district judge was "acting within the scope of his employment" and the opposing counsel were acting in their official roles as federal prosecutors. (Pl. Compl., Doc 1 at 2:8, 10:69, 73.) Thus, the district judge and prosecutors were entitled to absolute immunity. *See Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011) ("A judge has absolute immunity for any judicial actions unless the judge acted in the absence of all jurisdiction."); *see also Katz-Crank v. Haskett*, 843 F.3d 641, 647 (7th Cir. 2016) (concluding that indicting a person without probable cause, acting maliciously, refusing to consider exonerating evidence, presenting false evidence to the grand jury, and delaying trial encompass prosecutorial acts or omissions for which prosecutors enjoy absolute immunity).

The Court notes that Plaintiff also asserts that specific individual BOP officials violated his right to privacy under the Act by failing to act on his subsequent requests to remove the October 6, 2022, Order issued by the Southern District of Texas from the LexisNexis database. However, Plaintiff's allegations against the

BOP officials do not state a claim under the Act. *See Brown-Bey v. U.S.*, 720 F.2d 467, 469 (7th Cir. 1983) ("The Privacy Act [of 1974] authorizes private civil actions for violations of its provisions only against an agency, not against any individual.") (citing § 552a(g)(1)).

### B. The Federal Tort Claims Act

Plaintiff invokes the Federal Tort Claims Act against Defendant USA, "for the negligent and wrongful acts and omissions of some of its officials, acting within the scope of their employment." (Pl. Compl., Doc. 1 at 2.)

The FTCA, 28 U.S.C. § 1346 *et. seq.*, was enacted in 1946 "primarily to remove the sovereign immunity of the United States from suits in tort.'" *Levin v. United States*, 568 US 503, 506 (2013) (quoting *Richards v. United States*, 369 US 1, 6 (1962)). The FTCA "gives district courts exclusive jurisdiction over claims 'for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.'" *Keller v. United States*, 771 F.3d 1021,

1022 (7th Cir. 2014) (quoting 28 U.S.C. § 1346(b)(1)). The FTCA makes the United States liable "to the same extent as a private individual under like circumstances" (28 U.S.C. § 2674), under the "law of the place where the act or omission occurred" (28 U.S.C. § 1346(b)(1)), subject to enumerated exceptions to the immunity waiver (28 U.S.C. §§ 2680(a)-(n)). *Levin*, 568 US at 506-07.

As in his claim under the Act, Plaintiff's FTCA claim identifies the district judge who presided over his criminal case in the Southern District of Texas and two AUSAs. However, for the reasons already noted regarding the absolute immunity afforded to judges and prosecutors in the performance of their respective duties, Plaintiff does not state a claim under the FTCA.

Plaintiff also asserts an FTCA claim based on the denial of his Administrative Remedy grievance identified as 1226385. Grievance 1226385 sought assistance in removing the October 6, 2022, Order issued by the Southern District of Texas from the LexisNexis Group database, which FCI Pekin Warden E. Walters, North Central Regional Office Director Andre Matevousian, and National Inmate Appeal Administrator Timothy Barnett denied. (Pl. Exh., Doc. 1-1 at 28, 30, 32.)

Although the basis underlying Plaintiff's FTCA claim may be subject to dismissal on motion by the United States as barred under the FTCA's discretionary-action exception, 28 U.S.C. § 2680(a), that issue is not properly before this Court given that Plaintiff pleading is not required to anticipate defenses, the Defendant has the burden to raise affirmative defenses, and the defense is not apparent based on Plaintiff's pleading. *See Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012) ("Complaints need not anticipate defenses and attempt to defeat them."); *see also Ray v. Clements*, 700 F.3d 993, 1006 (7th Cir. 2012) ("Generally, the party raising an affirmative defense bears the burden of proof."); *Vinson v. Vermilion County*, 776 F.3d 924, 929 (7th Cir. 2015) ("In general, a plaintiff may plead herself out of court when she includes in her complaint facts that establish an impenetrable defense to her claims."). Therefore, Plaintiff states an FTCA claim against the USA based on the denial of grievance 1226385.

### C. Negligence

"To establish a claim for negligence under Illinois law, a plaintiff must prove the existence of a duty of care owed by the defendant to the plaintiff, a breach of that duty, and an injury proximately caused by that breach." *Buechel v. United States*, 746

F.3d 753, 763–64 (7th Cir. 2014) (citing *Thompson v. Gordon*, 948 N.E.2d 39, 45 (Ill. 2011)).

Plaintiff claims that LexisNexis breached a duty of care owed to him by failing to timely remove the October 6, 2022, Order issued by the Southern District of Texas from the LexisNexis database despite three requests to do so, which the Court concludes is sufficient to state a plausible claim. The Court cautions Plaintiff that his state law negligence claim is premised on the viability of his federal claims. *See Benson v. Cady*, 761 F.2d 335, 343 (7th Cir. 1985) ("A federal court may, in its discretion, entertain state law claims when a plaintiff's complaint presents a substantial federal question and the federal and state claims 'derive from a common nucleus of operative fact.'" (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966))); *see also Dixon v. County of Cook*, 819 F.3d 343, 351 (7th Cir. 2016) (concluding that state law claims "rely on the court's supplemental jurisdiction.") (citing 28 U.S.C. § 1367(a)).

## II. Motion to Proceed Using Initials

Federal Rule of Civil Procedure 10(a) provides that "[e]very pleading must have a caption with the court's name, a title, a file

number, and a Rule 7(a) designation. The title of the complaint must name all the parties; the title of other pleadings, after naming the first party on each side, may refer generally to other parties." *Id.*

Plaintiff's filing requests that the Court permit him to proceed using his initials only, claiming that it is "highly likely" that any decision made by this Court will reveal sensitive information about Plaintiff that would endanger his safety.

The Court reserves ruling on Plaintiff's Motion until Defendants United States of America and LexisNexis Group have been served and enter their appearances.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Motion to Proceed Using Initials (Doc. 5) remains pending.**

2) **According to the Court's screening of Plaintiff's Complaint [1] under 28 U.S.C. § 1915A, Plaintiff has alleged enough facts to proceed with an FTCA claim against the United States of America and a state law negligence claim against the LexisNexis Group. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or under Federal Rule of Civil Procedure 15.**

3) **The Clerk of the Court is DIRECTED to terminate the AOUSC, BOP, and DOJ as Defendants.**

4) **This case is now in the process of service. The Court**

recommends that Plaintiff wait until counsel has appeared for Defendants before filing any motions to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will be denied as premature. Plaintiff need not submit evidence to the Court unless otherwise directed by the Court.

5) The Clerk is DIRECTED to attempt service on Defendant United States of America pursuant to Federal Rule of Civil Procedure 4(i)(1). The Clerk is also DIRECTED to attempt service on LexisNexis by mailing a waiver of service.

6) Defendants have sixty days from the date of service to file an Answer. If Defendants have not filed their respective Answer or appeared through counsel within ninety days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

7) Defendants shall file an Answer within sixty days of the date the Clerk sends the waiver. A motion to dismiss is not an answer. The Answer should include all defenses proper under the Federal Rules. The Answer and later pleadings shall be to the issues and claims stated in this Order. Generally, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until Defendants file a motion. Therefore, no response to the Answer is necessary or will be considered.

8) This District uses electronic filing, which means that after Defendants' counsel has filed an appearance, Defendants' counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Therefore, Plaintiff does not need to mail copies of motions and other documents that Plaintiff has filed with the Clerk to Defendants' counsel. However, this does not apply to

discovery requests and responses. Discovery requests and responses are not filed with the Clerk of the Court. Instead, Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendants' counsel files an appearance and the Court enters a scheduling order, which will provide further details on the discovery process.

9) Defendants' counsel is granted leave to depose Plaintiff at his place of confinement. Defendants' counsel shall arrange the time for the deposition.

10) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to inform the Court of a change in mailing address or phone number will result in the dismissal of this lawsuit with prejudice.

11) If a Defendant fails to sign and return a waiver of service to the Clerk within thirty days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals Service on that Defendant and will require Defendant to pay the total costs of formal service under Federal Rule of Civil Procedure 4(d)(2).

12) The Court directs the Clerk to enter the standard qualified protective order under the Health Insurance Portability and Accountability Act.

13) The Court directs the Clerk to attempt service on Defendants under the standard procedures.

ENTERED February 24, 2026.


s/ *Sue  E. Myerscough*

_____

SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE